UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ANDREW DENNO, | ) | |
| Plaintiff, | ) | |
| -vs- | ) | Case No.: 2017-cv- |
| CITY OF FARMER CITY, ILLINOIS, | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES Plaintiff, Andrew Denno, by and through his attorneys, Thomas, Mamer & Haughey, LLP, and for his Complaint, states as follows:

### INTRODUCTION

1. Plaintiff, Andrew Denno ("Denno"), was formerly the Chief of Police for the City of Farmer City ("City"), Illinois. In November and December 2016, Defendant engaged in a series of actions ultimately lead to terminating Denno from this position. Defendant's actions denied Denno the protection of due process as applied through the Fourteenth Amendment and also violated Illinois's Police Officers' Bill of Rights, 50 ILCS 725/1 *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction for Denno's Fourteenth Amendment claim is proper under 28 U.S.C. § 1331 as it raises a federal question. Furthermore, the Court has supplement jurisdiction over Denno's state-law claim under 28 U.S.C. § 1367 because the facts of the state-law claim arose under the same occurrence as Plaintiff's Fourteenth Amendment claim.

3. This Court has personal jurisdiction over Defendant, a municipality located within the Central District of Illinois.

4. Venue is proper in the Central District of Illinois pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in Central District of Illinois and the events which give rise to the action occurred within the Central District of Illinois.

## PARTIES

5. Plaintiff, Andrew Denno, is an Illinois resident. He was the former Police Chief of Farmer City, Illinois.

6. Defendant, City of Farmer City, Illinois, is a municipality located in Farmer City, Illinois.

## FACTUAL ALLEGATIONS

7. Andrew Denno's employment with the City of Farmer City, Illinois began in February 1994 as an ambulance administrator. In August 2000, Denno began working for the Farmer City Police Department as a Patrolman. Denno became a Sergeant with the Famer City Police Department in January of 2007 and was promoted to Chief of Police in August 2011.

8. At a public meeting on November 10, 2016, at the request of the Mayor and City Council of Farmer City, an assessment of the Farmer City Police Department was provided by John L. Carter, Police Chief of Monticello, Illinois.

9. Mr. Carter's assessment included suggestions regarding ways in which the Farmer City Police Department could improve community service and involvement.

10. Mr. Carter's assessment included false and stigmatizing statements regarding Denno.

11. Further, in a separate executive session, members of the City Counsel of Farmer City maliciously berated and denigrated Mr. Denno, including making additional false and stigmatizing statements.

12. As a result of false and stigmatizing statements made at the public meeting on November 10, 2016, as well as the executive session, officials with the City of Farmer City began reviewing Denno's position as Police Chief of Farmer City.

13. On December 6, 2016, Larry Woliung wrote a letter to Denno informing him that he was terminated from his employment with the City of Farmer City, effective immediately.

14. On December 7, 2016—the day after his termination—Denno received a letter which purported to be a notice of hearing regarding his employment to be held on December 8, 2016.

15. Due to the nature of Denno's termination from the Farmer City Police Department and the public meeting on November 10, 2016, Denno is no longer employed as a police officer and unable to gain new employment as a police officer.

16. Denno has suffered serious damage to his reputation and ability to obtain other employment as a result of Defendant's actions.

## COUNT I:
**(Fourteenth Amendment Due Process – 42 U.S.C. § 1983)**

17. Plaintiff incorporates by reference the allegations of paragraphs 1 to 16 above as though set forth herein.

18. The Fourteenth Amendment of the United States Constitution provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

19. Plaintiff was deprived of his liberty interest through Defendant's public meeting on November 10, 2016, as well as the December 6, 2016, letter terminating Denno's employment.

20. As a result of the public meeting on November 10, 2016, Denno suffered substantial damage to his reputation due to Defendant's false and stigmatizing statements.

21. Further, Denno is unable to obtain other employment as a result of the public, false, stigmatizing statements at the November 10, 2016, meeting.

22. Making false and stigmatizing statements at a public meeting, followed by terminating Plaintiff on December 6, 2016, amounts to reckless or callous indifference of Denno's constitutionally protected right.

23. Accordingly, Plaintiff is entitled to compensatory damages, back pay and front pay, injunctive relief, and punitive damages.

## COUNT II:
### (Police Officers' Bill of Rights - 50 ILCS 725/1 *et seq.*)

24. Plaintiff incorporates by reference the allegations of paragraphs 1 to 16 above as though set forth herein.

25. Plaintiff is an "officer" within the meaning of the Uniform Peace Officers' Disciplinary Act, commonly referred to as the Police Officers' Bill of Rights. 50 ILCS 725/2.

26. Defendant's proposed hearing on December 8, 2016, constituted an "administrative proceeding" within the meaning of 50 ILCS 725/2.

27. Plaintiff was not provided notice, hearing, or time to obtain counsel prior to the December 6, 2016, letter that led to his termination.

28. Plaintiff was denied notice and access to procedural safeguards provided by 50 ILCS 725/3.2 and 50 ILCS 725/3.4.

29. Accordingly, Plaintiff is entitled to compensatory damages and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays this Court grant Plaintiff:

A.  Compensatory damages, back pay and front pay, and punitive damages;

B.  Prejudgment interest for the defined sum of wages and benefits lost;

C.  Injunctive relief, ordering Plaintiff's reinstatement to employment with Farmer City Police Department;

D.  Attorney's fees, costs, and fees for experts;

E.  Such other relief as this Court deems necessary and property.

PLAINTIFF DEMANDS TRIAL BY JURY

        Respectfully submitted,

          ANDREW DENNO,
          PLAINTIFF

       By:  /s/ **David E. Krchak**

          David E. Krchak
          Philip J. Pence
          Thomas, Mamer & Haughey, LLP
          30 E. Main, PO Box 560
          Champaign, IL 61824-0560
          PH: (217) 351-1500
          Fax: (217) 351-2169
          krchak@tmh-law.com
          philip@tmh-law.com