IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ANDREW DENNO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 17-cv-2035 |
| | ) | |
| | ) | Honorable Judge Colin S. Bruce |
| CITY OF FARMER CITY, | ) | |
| an Illinois Municipal Corporation, | ) | Magistrate Judge Eric I. Long |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

NOW COMES Defendant, the CITY OF FARMER CITY, by and through its attorneys, PETERSON, JOHNSON & MURRAY - CHICAGO, LLC, and move this Honorable Court to Dismiss Plaintiff's Complaint, states as follows:

**Introduction**

Plaintiff's Complaint stems from the termination of his employment with the City of Farmer City. The Complaint contains two counts. The first count is a Due Process claim, but is essentially an occupational liberty Due Process claim. The second count is a state law claim purportedly under the "Police Officer's Bill of Rights", but that is a claim under the Uniform Peace Officers' Disciplinary Act. Regardless of the title, long standing precedent has ruled that there is no substantive claim under this state law that can be brought. To the extent that this claim is premised upon a review of the December 8, 2016 termination hearing, that administrative review is untimely under Illinois law because an appeal of the decision from the hearing was not raised within 35 days after the decision was provided to Plaintiff.

Similarly, the allegations as set forth in Count I of the Complaint are not actionable for multiple reasons. First, the allegations are that a third party, not Defendant, made the false and

1

stigmatizing statements; which would not be actionable against Farmer City. Moreover, even if the statements in the open meeting are attributable to the City there is no direct cause of action against the City for a Section 1983 Due Process claim. As such, for all of the following reasons, this Court should dismiss Plaintiff's Complaint in its entirety with prejudice.

## Legal Standard

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true the well-pled facts of the Complaint, and draws all reasonable inferences in favor of the plaintiff. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the Complaint, not its merits. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In order to withstand a motion to dismiss, the Complaint must describe the claim in sufficient detail to give the defendant fair notice of the claim and the grounds upon which the claim is based. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v.Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). Additionally, the Complaint must plausibly suggest plaintiff's right to relief beyond a speculative level. See *Brooks v. Ross,* 578 F.3d 574 (7th Cir. 2009); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009), *citing Twombly*, 550 U.S. at 554-55. A complaint does not satisfy the pleading requirements if it tenders "naked assertions" that do not contain "further factual enhancement." *Ashcroft*, 129 S. Ct. at 1949, *quoting Twombly*, 550 U.S. at 557. In order to survive dismissal, a complaint must assert sufficient facts to state a claim that is "plausible on its face;" which requires "more than a sheer possibility" that a defendant has acted improperly. *Id*.

## Facts[1]

---

[1] Defendant disputes that the allegations are accurate, but accepts the allegations as true for this motion only.

Andrew Denno ("Plaintiff") began his employment with the City of Farmer City in February 1994 as an ambulance administrator. (Complaint, para. 7, Doc. No. 1). In August 2000, Plaintiff began working as a patrolman with the Farmer City Police Department. *Id.* In January 2007, Plaintiff was promoted to the rank of Sergeant and then in August 2011, Plaintiff was appointed to the position of Chief of Police. *Id.*

On November 10, 2016, an assessment of the Farmer City Police Department was provided by John L. Carter, Police Chief for Monticello, Illinois, during a City Council meeting. *Id.* at 8. Chief Carter's assessment included suggestions regarding how the Farmer City Police Department could make improvements. *Id.* at 9. Plaintiff alleges that Chief Carter's assessment "included false and stigmatizing statements regarding Denno". *Id* at 10. Plaintiff also maintains that the City Council berated and denigrated Plaintiff in a separate executive session, during which additional false and stigmatizing statements were made. *Id.* Notably, there is no allegation that any of the executive session statements were disseminated to the public. Plaintiff's position as chief was reviewed by council following the aforesaid meetings. *Id.* at 12.

On December 6, 2016, Plaintiff received a letter regarding his termination. *Id.* at 13. Thereafter, he received notice of an employment hearing that took place on December 8, 2016. *Id.* at 14.

**Argument**

I. Assuming the statements of Chief Carter are attributable to the City, there is no cause of action directly against the City.

Plaintiff's claim in Count I purports to raise a Section 1983 claim directly against the City. However, there is only such liability pursuant to *Monell* claim, which has not be pled. Additionally, Plaintiff's Complaint is devoid of two important allegations, which also warrant the motion to dismiss in this case. First, there is no allegation that an officer or employee from the City of Farmer

City made any disparaging false statements in open session. Rather, it was Police Chief Carter from Monticello. Second, there is no allegation that any of the City Council's statements from the executive session were disclosed to the public. Indeed, Plaintiff does not make such an allegation and only references the public meeting comments as the reason that he was unable to gain new employment as a police officer. (Comp., para. 14).

It is well established that a governmental entity can only be liable under Section 1983 if it maintained an unconstitutional policy, practice or custom. See *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). As the Seventh Circuit teaches, "*Monell* recognized that the premise behind a § 1983 action against a government body is the allegation that official policy is responsible for the deprivation of rights." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 306 (7th Cir. 2010) (citation omitted) (emphasis in original); see also, *Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011)) ("There is no *respondeat superior* liability under § 1983; the Supreme Court 'distinguish[es] acts of the municipality from acts of employees of the municipality.'") (citation omitted) (emphasis in original). To establish liability against the City on a *Monell* claim, Plaintiff must show that: (1) he suffered a deprivation of a constitutional right, (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policymaking authority, that (3) proximately caused their constitutional injuries. See *Ovadal v. City of Madison*, 416 F.3d 531, 535 (7th Cir. 2005).

Assuming *arguendo* that Plaintiff can demonstrate a constitutional violation for his Due Process claim (which he cannot for the reasons stated below), Plaintiff has failed to allege any facts that 1) an employee of Farmer City made any public statements that were false or stigmatizing, 2) that any statements from the City Council were made to the public (which is

needed for Occupation Liberty Due Process claim (discussed below), 3) that the alleged false and stigmatizing statements were made pursuant to a policy, practice or custom or by a person with policy making authority, or 4) what the alleged false and stigmatizing statements were other than the conclusory allegations as set forth in the Complaint. Without these allegations, Plaintiff has failed to allege a constitutional violation by an employee of Farmer City, let alone a *Monell* claim against the City itself.

        II.    <u>Plaintiff has failed to plead a Due Process or an Occupational Liberty-Due Process claim.</u>

Plaintiff has identified Count I of his Complaint as a Due Process claim, but, the Count appears to allege an Occupational Liberty claim. It is well established that claims for violations of procedural due process require a plaintiff to allege "(1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding the deprivation." *Michalowicz v. Village of Bedford Park,* 528 F.3d 530, 534 (7th Cir. 2008). "As a necessary component of a procedural due process claim, [Plaintiffs] must identify a protected property or liberty interests." *Santana v. Cook County Board of Review,* 679 F.3d 614, 621 (7th Cir. 2012). Because Plaintiff failed to specify what right has been deprived, this motion addresses Count I under both the deprivation of a property interest or a liberty interest.

**1.    Due Process Property Interest**

To establish a *prima facie* case for a Due Process violation under Section 1983, a plaintiff must plead "(1) he had a constitutionally protected property interest, (2) he suffered a loss of that interest amounting to a deprivation, and (3) the deprivation occurred without due process of law." *LaBella Winnetka, Inc. v. Vill. of Winnetka,* 628 F.3d 937, 943–44 (7th Cir. 2010). Thus, "the threshold question is whether a protected property interest actually exists." *Cole v. Milwaukee Area Tech. Coll. Dist.,* 634 F.3d 901, 904 (7th Cir. 2011). Therefore, Plaintiff only has a protected

5

property interest if they had "a legitimate claim of entitlement, which means an entitlement established by rule; hope for a favorable exercise of administrative discretion does not qualify." *Portillo–Rendon v. Holder,* 662 F.3d 815, 817 (7th Cir. 2011). To have a property interest protected by the Fourteenth Amendment, a Plaintiff must have "more than a unilateral expectation of [the claimed interest]." *Santana v. Cook County Bd. of Review,* 679 F.3d 614, 621 (7th Cir. 2012)(holding that there was no property interest in employment with a private employer absent a statute, regulation, or contract). Instead, a plaintiff must "have a legitimate claim of entitlement to it." *Id.* An entitlement arises when "statutes[,] regulations [or a contract] ... establish a framework of factual conditions delimiting entitlements which are capable of being explored at a due process hearing." *Id.* citing *Khan v. Bland,* 630 F.3d 519, 527 (7th Cir. 2010).

Here, Plaintiff has not made any allegation of an entitlement to continuing employment by either statute or by contract. Ultimately, there is nothing that establishes that Plaintiff was anything more than an employee at-will. *See e.g., McElearney v. University of Illinois*, 612 F.2d 285, 290-91 (7th Cir. 1979) (per curiam) (finding that if employment really is at the pleasure of the employer the employee does not have the kind of secure, legally assured interest that counts as property under the Fourteenth Amendment, no matter how long he has been employed). See also, *Smith v. Board of Education of Urbana School District No. 116,* 708 F.2d 258, 264 (7th Cir. 1983).

The issue of whether a plaintiff has a property interest in future employment was addressed in *Budzban, v. Dupage County Regional Office Of Education, Addison School District 4*, 2013 WL 147628 (N.D. Ill. 2013). In that matter, the plaintiff argued that he had a property interest in his public employment because of the defendant's policies, as well as state and federal law. *Id*. at *3. The Court found that there was not a property interest based upon state or federal law. *Id*. at 4. In doing so, that Court stated:

6

> nowhere in Plaintiff's complaint does he claim that he was a tenured employee or entitled to continued employment. Accordingly, the Court finds Plaintiff fails to establish a protected property interest for Section 1983 purposes.

*Id*. at *4.

As stated, Plaintiff's Complaint does not point to any document that gives him a guarantee of future employment such as the existence of any collective bargaining agreement or written employment agreement. The allegations as set forth in the Complaint and statutory authority do not rise to the level of creating an employment contract. Construing the allegations liberally and in the light most favorable to Plaintiff, Plaintiff's employment with the City of Farmers City can only be characterized as an employee at-will. Thus, Plaintiff cannot establish that he had a protectable property interest to establish a prima facie Due Process claim as currently pled. See, *LaBella Winnetka, Inc.,* 628 F.3d at 943–44. Therefore, this Court should dismiss Plaintiff's Due Process claim in Count I.

**2.     Due Process Liberty Interest**

Next, to the extent that Plaintiff is claiming an occupational liberty interest in Count I, that claim also fails as a matter of law. The concept of liberty protected by the Due Process Clause includes one's occupational liberty: "the liberty to follow a trade, profession, or other calling." *Wroblewski v. City of Washburn,* 965 F.2d 452 (7th Cir. 1992). To state a claim, a plaintiff "must show that (1) he was stigmatized by the defendant's conduct, (2) the stigmatizing information was publicly disclosed, and (3) he suffered a tangible loss of other employment opportunities as a result of public disclosures." *Townsend v. Vallas,* 256 F.3d 661, 669-70 (7th Cir. 2001). In cases alleging deprivation of occupational liberty, "the employee's good name, reputation, honor or integrity must be called into question in such a manner that makes it virtually impossible for the employee to find new employment in his chosen field." *Townsend,* 256 F.3d at 670. See also, *Palka v.*

*Shelton,* 623 F.3d 447, 454-55 (7th Cir. 2010) (internal citation omitted) (Stating "[a]n occupational-liberty claim requires that the circumstances made it virtually impossible for [the plaintiff] to find a new position in his chosen profession").

Even when "serious impairment of one's future employment" results, defamation by a government official does not deprive a person of a liberty interest. *See Santana v. Cook County Bd. of Review,* 679 F.3d 614, 621 (7th Cir. 2012); *Khan v. Bland,* 630 F.3d 519, 527 (7th Cir. 2010). That threshold is reached only where it is "virtually impossible" to find new employment in the plaintiff's chosen field. *See Brown v. City of Mich. City, Ind.,* 462 F.3d 720, 730 (7th Cir. 2006).

Here, Plaintiff's Complaint fails to establish two of the elements required for an occupational liberty claim. First, the statements he claims were made by City Council were made in executive session, and thus were not made to the public. Second, the only alleged stigmatizing statements were made by Chief Carter (although the statements were not identified in the Complaint), who is not an employee of the City, nor is the City responsible for any of his alleged statements. Thus, Plaintiff has not even pleaded facts sufficient to establish that Defendant's conduct rendered him unable to pursue his calling.

Next, assuming that he has pleaded sufficient facts for the purposes of establishing a loss of an occupational calling, the alleged conduct does not rise to the level necessary for a claim. See, *Parker v. Illinois Human Rights Commission*, Dist. Court, ND Illinois 2013 Case No. 12 C 8275. (stating that the plaintiff did not allege that the stigmatizing remarks made it virtually impossible for her to find new employment, and her allegations do not plausibly support such an inference.) In that matter, the Board voted that it had "no confidence" in the Plaintiff. The District Court found that the vote merely labeled the plaintiff as incompetent, which was too mild to rise to the level of

a constitutional violation, because it by no means disqualified the plaintiff from future employment. The Seventh Circuit has held that due process rights are not violated when a remark results in "reduced economic returns and diminished prestige, but not permanent exclusion from or protracted interruption of employment." *Munson v. Friske,* 754 F.2d 683, 693 (7th Cir. 1985).

Arguably, one could glean that Plaintiff lost a part-time security job from the allegations if they were construed broadly. However just as in *Parker*, Plaintiff's termination would indicate that the City Council just chose to move in a different direction with its police chief, which is not the same as making statements that would preclude him from ever obtaining another law enforcement job. Ultimately, there is nothing in the Complaint that rises to the permanent exclusion of Plaintiff's employment in law enforcement and Plaintiff has not even identified what the statements were that support this claim. Thus, Plaintiff has failed to state a cause of action for deprivation to an Occupational Liberty Due Process claim.

    III.    <u>Police Chief Carter's alleged false and stigmatizing statements are not actionable against the City of Farmer City.</u>

Assuming arguendo that Plaintiff has stated a cause of action for an Occupational Liberty claim, Count I still fails. With respect to Chief Carter, Plaintiffs fail to provide sufficient detail to establish that Chief Carter's conduct should be attributable to the City of Farmer City even though he is the police chief in Monticello, Illinois. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 815-16 (7th Cir. 2009). There is no allegation of a conspiracy in the Complaint, nor has Plaintiff named any individual defendant in the Complaint and identified that individual as an employee of the City of Farmer City. Given the lack of allegations on this point, the alleged false and stigmatizing statements by Chief Carter, which are not set forth in the Complaint, cannot be attributed to the City and therefore, Count I should be dismissed.

    IV.    <u>Plaintiff's Police Officer's Bill of Rights claim is not actionable.</u>

Count II of Plaintiff's Complaint is brought pursuant to the Police Officer's Bill of Rights; however, the Act is entitled the Uniform Peace Officers' Disciplinary Act ("UPODA"). See, 50 ILCS 725/1 et seq. There is long standing precedent in the Seventh Circuit that there is no substantive claim that can be raised under UPDOA. Plaintiff is arguing that the procedural safeguards were not followed and thus he is making a claim under UPODA.

The Seventh Circuit in *Cain v. Larson*, 879 F.2d 1424, 1427 (7th Cir. 1989) held that the UPODA was essentially a statute that provides mere procedural guarantees that do not give rise to a constitutionally protected property interest. The *Cain* court noted that nothing in the act creates a constitutionally protected property interest and that a statute must go beyond "mere procedural guarantees to provide some substantive criteria limiting the state's discretion—as can be found, for example, in requirement that employees be fired only 'for cause.'" *Id.* The Court stated that UPODA does not create, but dictates the process required; and as such, it lacks the substantive predicate. *Id.*

However, the Seventh Circuit did find that the UPODA contains one provision prohibiting retaliatory actions that does provide a substantive guarantee: "No officer shall be discharged, disciplined, demoted, denied promotion or seniority, transferred, reassigned or otherwise discriminated against in regard to his or her employment, or be threatened with any such treatment as retaliation for or by reason of his or her exercise of the rights granted by this Act." 50 ILCS 725/7. However, this provision addressing retaliatory actions is inapplicable to the case at hand because Plaintiff claims that he was fired on December 6, 2016 before he had a hearing as required by UPODA. Therefore, the only applicable UPODA provisions are procedural in nature, which Plaintiff cannot rely upon to assert a constitutionally protected property interest. Therefore, Count II of Plaintiff's Complaint should be dismissed by this Court.

V.   Assuming that Count II is actionable, the claim is untimely.

Count II is seeking compensatory damages and injunctive relief from his termination. (Comp., para. 29). Although Plaintiff is claiming that he was not afforded his procedural safeguards provided by UPODA, he is clearly attacking his termination. The hearing for Plaintiff's termination was held on December 8, 2016, two days after he received the initial termination hearing. *Id.* at paras. 14, 26. Plaintiff admits that the December 8, 2016 hearing constituted an administrative hearing and under Illinois law, Plaintiff would have had 35 days to file an administrative appeal under the Administrative Review Act. (735 ILCS 5/3-102). This statute states in pertinent part,

> Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision.

*Id*.

Plaintiff had 35 days to seek review of the December 8, 2016 hearing. 735 ILCS 5/3-103. This Complaint was filed on February 14, 4017, which is more than 35 days from the day that Plaintiff received the hearing and notice that he was terminated. Therefore, to the extent that Plaintiff is challenging the findings of the hearing, because UPODA is otherwise inactionable, this claim was untimely filed and should be dismissed.

VI.   Punitive Damages are not allowed against municipalities.

Plaintiff's Complaint seeks punitive damages against the City of Farmer City in his prayer for relief. (Doc. No. 1, p. 5) To the extent that Plaintiff is seeking punitive damages, then such relief is not allowed against the City of Farmer City. S*ee City of Newport v. Fact Concert, Inc.*, 453 U.S. 247, 271 (1981) (holding that municipalities and government officials sued in an official capacity are immune from liability for punitive damages). Therefore, to the extent Plaintiff's

Complaint is seeking punitive damages against the City of Farmer City, such a prayer for relief against the City should be stricken.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that this Honorable Court enter an Order granting this motion to dismiss Plaintiff's claims with prejudice, an award of fees and costs for defending this matter, and for any other relief that this Court deems necessary and just.

Respectfully submitted,

By:    s/Dominick L. Lanzito
        One of the Attorneys for Defendant

Dominick L. Lanzito
Paul A. O'Grady
Peterson, Johnson & Murray Chicago
200 West Adams, Suite 2125
Chicago, IL. 60606
(312) 782-7150
dlanzito@pjmlaw.com